```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LARRY BUMBGARNER and STEPHEN P. WALLACE, Plaintiffs, v. UNITED STATES, et al., Defendants. | CIVIL NO. 08-5245(NLH)(JS) **MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

LARRY BUMGARNER
205 TOULON AVE
EGG HARBOR TOWNSHIP, NJ 08234

STEPHEN P. WALLACE
6528 E. 101ST, D-1 #304
TULSA, OK 74133

    Appearing pro se

ELIZABETH ANN PASCAL
U.S. DEPARTMENT OF JUSTICE
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101

    On behalf of the United States and individual federal defendants

JONATHAN M. KORN
BLANK ROME, LLP
301 CARNEGIE CENTER
3RD FLOOR
PRINCETON, NJ 08540

    On behalf of JP Morgan Chase, The Goldman Sachs Group, Inc., and James Dimon

**HILLMAN**, District Judge

    This matter having come before the Court on pro se plaintiff Stephen Wallace's "Motion to Vacate Judgments Obtained by Fraud Pursuant to F.R.C.P. Rule 60(b)(3)(4), and Motion for Preliminary

Injunction with Brief in Support"; and

 Plaintiff, along with co-plaintiff Larry Bumgarner, having filed a complaint against defendants, the United States of America, Ben Bernake, Henry Paulson, Sheila Blair, The Goldman Sachs Group, Inc. (improperly plead as "Goldman Sachs"), JP Morgan Chase & Co., and James Dimon, purportedly as "U.S. taxpayers and private attorneys general," and on behalf of all United States taxpayers; and

 Plaintiffs having requested an "injunction or rebellion" against all defendants from the enactment and/or implementation of "H.R. 1424, aka 'The Bailout'" because it "violates plaintiff's unalienable rights, constitutional rights and other federal laws and statutes," it "is immoral, unethical and illegal," and puts them and "the lower & middleclass . . . into involuntary servitude to a corrupt and self-serving banking system, a corrupt and self-serving government and a corrupt and self-serving class . . ." (Compl. at 3, 8, 21); and

 On August 11, 2009, the Court having dismissed plaintiffs' complaint because it was moot, and because plaintiffs otherwise lacked standing and failed to state a claim (see Docket No. 32); and

 On January 28, 2010, plaintiff Stephen Wallace having filed a motion to vacate the Court's dismissal of his case, arguing that it was procured by fraud and is void, <u>see</u> Fed. R. Civ. P. 60(b)(3),

(4); and

Plaintiff contending that the U.S. Attorney assigned to represent the federal defendants was "secretly financially compensated for her intentional misuse/abuse of her Federal Office," the private defendants "covertly act[ed] as 'silent partners' in the 'premeditated criminal implosion of the Global Financial System[']," that the bonuses paid to the private defendants "is a thinly veiled RUSE for their 'Criminal International Money Laundering,'" and that defendant James Dimon "has criminally converted Wallace's $35 million Family Estate for his sole use & benefit with the Oklahoma KLAN judicial actors in collusion named as 'Co-Defendants in District of Columbia Case # 08-7124'"[1]; and

Plaintiff also seeking a preliminary injunction against defendant Dimon to prevent Dimon from murdering plaintiff[2]; and

The Court recognizing that Rule 60 permits a party to file a motion "no more than a year after the entry of judgment" for relief

---

[1]Plaintiff attaches as an exhibit to his motion an order of the United States District Court for the District of Columbia in Civil Action No. 06-1264 that ordered plaintiff to show cause why he should not be barred from filing any lawsuits in that court regarding the Wallace trusts.  (Pl. Ex. D.)  It appears from that same exhibit that plaintiff has appealed that order to the United States Court of Appeals for the District of Columbia Circuit, which was assigned case number 08-7124.  It is not clear whether plaintiff's appeal has been resolved.

[2]Plaintiff claims in his current motion that Dimon's "operatives" had previously "attempted MURDER" of him while he was in a Tulsa jail.

from that judgment because of fraud, or because the judgment is void, see F.R.C.P. 60(c), 60(b)(3), (4); and

The Court further recognizing that plaintiff wishes to prosecute his perceived injustices on his behalf and on the behalf of all United States taxpayers; and

The Court also recognizing that plaintiff is claiming that the defendants have perpetuated their allegedly fraudulent activity since the dismissal of his case in August 2009; but

The Court finding that plaintiff has not demonstrated that the Court's determination as a matter of law that plaintiffs' requests for relief in their original complaint were moot was due to fraud, see Herring v. U.S., 424 F.3d 384, 390 (3d Cir. 2005) (employing "a demanding standard for independent actions alleging fraud upon the court requiring: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court"); Averbach v. Rival Mfg. Co., 809 F.2d 1016, 1022-23 (3d Cir. 1987) (holding "that the elements of a cause of action for such relief in an independent action are not different from those elements in a Rule 60(b)(3) motion"); and

The Court further finding that plaintiff has not demonstrated that the Court's alternative determination as a matter of law that plaintiffs lacked standing and otherwise failed to state a claim

was due to fraud[3]; and

The Court also finding that plaintiff has not demonstrated how the August 11, 2009 judgment is void, see West v. Spencer, 321 Fed. Appx. 151, 153 (3d Cir. 2009) (quoting Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers, 900 F.2d 608, 612 n.1 (3d Cir. 1990) ("A judgment is void 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"));

Accordingly,

IT IS HEREBY on this 28th day of January, 2010

ORDERED that plaintiff's "Motion to Vacate Judgments Obtained by Fraud Pursuant to F.R.C.P. Rule 60(b)(3)(4), and Motion for Preliminary Injunction with Brief in Support" [33] is DENIED.

                                                                             s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[3]As the Court found in its prior order, even taking as true all of plaintiffs' claims, their requests for relief were mooted by the bailout bill's passage.  Further, even accepting as true all of plaintiffs' claims, they did not have standing to bring their claims and their complaint did not meet the pleading requirements set forth by the United States Supreme Court in Twombly and Iqbal.  Thus, it was the timing of the resolution of defendants' motions to dismiss, as well as plaintiffs' status and their deficient pleading--and not any fraud--that caused their complaint to be dismissed.

5